UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOSEPH B. REINWAND,

        Petitioner,

v.                                                         Case No. 19-C-1048

SUSAN NOVAK,

        Respondent.

## SCREENING ORDER

On July 22, 2019, Petitioner Joseph B. Reinwand, who is currently incarcerated at Columbia Correctional Institution, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted in Wood County Circuit Court of first degree intentional homicide and was sentenced to life imprisonment.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time . . . .

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Reinwand asserts three grounds for relief: (1) the trial court violated the Confrontation Clause of the Fourteenth Amendment by erroneously admitting testimonial hearsay statements made by the victim; (2) the trial court erred in admitting other acts evidence against Reinwand; and (3) Reinwand's trial counsel was ineffective in allowing previously-excluded DNA evidence to be admitted at trial. From the face of the petition, the court cannot conclude that these grounds lack merit. Accordingly, Reinwand will be allowed to proceed on these claims.

**IT IS THEREFORE ORDERED** that within 60 days of the date of this order respondent shall either file an appropriate motion seeking dismissal or answer the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**IT IS FURTHER ORDERED** that unless respondent files a dispositive motion in lieu of an answer the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have 45 days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have 45 days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

If respondent files a dispositive motion in lieu of an answer, this briefing schedule will be suspended and the briefing schedule will instead be as follows: (1) petitioner shall have 30 days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have 15 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any caption, cover page, table of contents, table of authorities, and/or signature block.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, the plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is in effect at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility. If the plaintiff is no longer incarcerated at a Prisoner E-Filing Program institution, he will be required to submit all correspondence and legal material to:

>  Honorable William C. Griesbach
>  c/o Office of the Clerk
>  United States District Court
>  Eastern District of Wisconsin
>  125 S. Jefferson Street, Suite 102
>  Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter. Because Petitioner's filings will be electronically scanned and entered on the docket upon receipt by the clerk, Petitioner need not mail to counsel for the respondent copies of documents sent to the Court.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, as well as a Memorandum of Understanding entered into between the Wisconsin Department of Justice and the U.S. District Clerk of Court for the Eastern District of Wisconsin, copies of the petition and this order have been

sent via a Notice of Electronic Filing ("NEF") to State of Wisconsin respondent through the Attorney General for the State of Wisconsin through the Criminal Appeals Unit Director and lead secretary. The Department of Justice will inform the Court within 21 days from the date of the NEF of the names of the respondents on whose behalf the Department will not accept service of process, the reason for not accepting service for them, and the last known address of the respondent. The Department of Justice will provide the pleadings to those respondents on whose behalf they have agreed to accept service of process.

    Dated this __9th__ day of August, 2019.

                                  s/ William C. Griesbach
                                  William C. Griesbach, Chief Judge
                                  United States District Court